## Riedling v. Ross and Zeitz.

(Decided February 2, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Fraudulent Conveyances—Transaction Between Brothers Held to have Amounted to Sale in Bulk.—Transaction, whereby one brother took over other's stock of goods, and helped with settlement of claims, held to have amounted to sale in bulk within Ky. Stats., sections 2651a-1 to 2651a-7.

JOHN IRICK for appellant.

ALLEN P. DODD for appellees.

Opinion of the Court by Commissioner Sandidge—Affirming.

Appellees, Ross and Zeitz, instituted this action against appellant, R. D. Riedling, and his brother, John Riedling, to recover $519.24, alleged to be due them for merchandise sold and delivered to John Riedling. It was claimed that R. D. Riedling was liable because of the sale or transfer of John Riedling's stock of goods in bulk to him without complying with the provisions of section 2651a, Kentucky Statutes, relating to sales of merchandise in bulk. Appellant, R. D. Riedling, denied liability. The trial of the case resulted in a judgment against him and he prosecutes the appeal.

It is necessary first to determine whether or not there has been shown herein a sale or transfer in bulk of John Riedling's stock of goods to appellant, R. D. Riedling. It appears that appellant was operating two hay, grain and feed stores in the city of Louisville. John Riedling, his brother, also was operating such a store. The latter became involved in debt, and in the latter part of December, 1921, moved his entire stock of merchandise from the storehouse where he had been operating at 520 East Jefferson street to one of the storehouses being operated by his brother, appellant, R. D. Riedling, at 601 East Jefferson street. John thereafter worked for his brother in that store. All of the stock of goods moved to appellant's storehouse was sold out from that place to the retail trade. John's books and accounts were turned over to appellant's bookkeepers and all accounts due him at the time the transfer was made and the proceeds of the sale of all of the merchandise transferred as above indicated were collected by appellant's collectors and turned over to his bookkeeper. Subsequently, largely through the efforts of appellant, R. D. Riedling, a settlement was effected by which all of John's creditors were settled with at 85 cents on the dollar except appellees, Ross and Zeitz. When that settlement was made the creditors so compromising their claims were paid by the check of appellant, R. D. Riedling. The foregoing facts are admitted by the testimony of appellant and his brother. The two brothers further stated in their testimony, however, that when John's stock of goods was moved into appellant's storehouse it was kept separate and that the arrangement was merely an effort on the part of appellant to assist his brother,

who was in financial difficulty; that appellant did not purchase the stock of goods; never acquired any of the proceeds for which they were sold; but that all funds arising from John's accounts and from the sale of his goods moved into appellant's storehouse were kept separate; and that John furnished appellant the money with which to settle with those of his creditors who accepted 85 cents on the dollar in settlement of their claims. The attorney representing appellees testified that after the account was placed with him he talked with appellant, Riedling, in regard to it and that he stated to him that John's stock of goods had been transferred to him and that as soon as he could realize on his assets settlement would be made.

The issue as to whether or not under the facts of this case there was a sale in bulk upon the first trial hereof was submitted to a jury which by its verdict found in the negative. The trial court set aside that verdict and awarded appellees a new trial. Upon the last trial a jury was waived and the law and facts were submitted to the court with the result above indicated.

Section 2651a-5 defines a sale in bulk in contemplation of the act to be "any sale or transfer of the whole or a large part of any stock of goods, wares or merchandise of any kind." The record herein establishes without contrariety of evidence that John Riedling's entire stock of goods, fixtures and equipment was placed in appellant's storehouse and was sold by his agents. Appellant's office force collected not only for all the goods so transferred when they were sold, but also all of the accounts owing John when the transfer was made. According to their testimony all the funds realized in that way were deposited to the credit of a member of appellant's office force, and when appellant succeeded in effecting a compromise with John's other creditors his own check settled their claims. They rendered no accounting herein from which it can be ascertained how much the proceeds of John's accounts and of the stock of goods transferred to appellant's store exceeded the amount paid out to his other creditors. This court is clearly of the opinion that under the facts admitted by appellant and his witnesses the transaction between his brother and himself amounted to a sale in bulk within the contemplation of chapter 85a, Kentucky Statutes, edition of 1922. Appellant, therefore, was required by the act, as construed by this court, in Dwiggins Wire

Fence Company v. Patterson, 166 Ky. 278, to hold the entire stock of merchandise so transferred to him in trust for all of the creditors of John Riedling, and having failed to do so he is personally liable to appellees for the amount of their claim. It follows, therefore, that the trial court properly set aside the verdict of the jury rendered upon the first trial hereof finding that there was no sale or transfer, and properly upon the second trial hereof awarded appellees a judgment for the full amount sued for.

Wherefore, the judgment is affirmed.